IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID B. CHAPMAN,

        Plaintiff,

v.                          CASE NO. 18-3259-SAC

RENO COUNTY SHERIFF'S DEPARTMENT,

        Defendant.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff David B. Chapman, an inmate at the Winfield Correctional Facility in Winfield, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges he received constitutionally inadequate medical care while being held at the Reno County Correctional Facility (RCCF). Mr. Chapman states he had an altercation with jail staff when he was booked into RCCF on March 23, 2018. In the course of the altercation, the fifth finger on his right hand was injured. He reported the injury to jail staff, and they sent a nurse to examine him. She said nothing was wrong with it and "did nothing." ECF No. 1 at 2. Plaintiff asserts the finger was broken and that he repeatedly requested further examination or treatment, and his requests were denied. He names one defendant, the Reno County

1

Sheriff's Department, Jail Division, and claims violation of his Eighth Amendment rights. Plaintiff seeks damages of $150,000.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

3

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

An inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–106 (footnote omitted). The prisoner's right is to medical care - not to the type or scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Plaintiff's allegations of denial of medical care are subject to dismissal for failure to state a claim. Based on Plaintiff's complaint, which includes only a sparse description of events, it appears he was furnished medical care after the altercation leading to the injury. It further appears his claim amounts to his difference of opinion with the diagnosis of his injury by the medical professional. In essence, Plaintiff's claim is that he believes he had a broken pinky finger, and that this condition was not properly diagnosed or treated by jail medical staff. However, he includes no facts indicating that he was ever medically diagnosed with a broken finger. On the other hand, his own allegations show that the nurse examined him and apparently did not believe his finger was broken. Plaintiff's claim appears to be nothing more than a lay person's disagreement with the medical diagnosis and treatment of his symptoms by a medical professional. Such allegations do not rise to the level of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

Plaintiff provides no details about whether he ever received any treatment or what harm he suffered. If Plaintiff ultimately received some treatment, a delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).

Moreover, Plaintiff's allegations do not indicate the subjective component of the deliberate indifference analysis was met. His allegations do not indicate that any specific prison official knew of and disregarded an excessive risk to his health and safety.

For these reasons, Plaintiff has failed to state an actionable claim that the medical care he received at RCCF, or lack thereof, rose to the level of a constitutional violation. Therefore, his complaint is subject to dismissal.

In addition, Plaintiff has not named a proper defendant. The only defendant Plaintiff names is the Reno County Sheriff's Department, Jail Division. A jail is not a proper defendant because it is not a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).

Plaintiff has also not stated a claim against Reno County. To impose § 1983 liability on the county for acts taken by an employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Reno County and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of the jail staff members.

**IV. Response Required**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal in its entirety for failure to state a claim. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court, and (3) alleges sufficient facts to show personal participation by each named defendant. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 30, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period Plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

---

[1] In order to add claims, significant fact allegations, or change defendants, a plaintiff must submit a complete Amended Complaint. *See* Fed.R.Civ.P. Rule 15. An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the Court. It follows that Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that the plaintiff intends to pursue in this action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-CV-3259-SAC) at the top of the first page of his Amended Complaint. He must name every defendant in the caption of the Amended Complaint. *See* Fed.R.Civ.P. Rule 10. He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

DATED:  This 31st day of October, 2018, at Topeka, Kansas.


                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U.S. Senior District Judge**